# CIRCUIT COURT OF FAIRFAX COUNTY

In re Estate of
Pan Tai Liu,
deceased

August 16, 1999

Case No. (Fiduciary) 60667

BY JUDGE M. LANGHORNE KEITH

This matter came before the Court on July 20, 1999, upon Richard Carpenter and Justice M. Holme, Jr.'s, co-executors of the estate of Pan Tai Liu (hereinafter "co-executors"), Exceptions to the Commissioner's Report. For reasons stated herein, the co-executors' Exceptions to the Commissioner's Report are overruled.

The decedent executed his will on November 19, 1993, prior to his marriage to Ling-Li Chen. The decedent married Ling-Li Chen on July 17, 1997, approximately six months prior to his death. Mrs. Chen is not mentioned in his will. The sole named beneficiary is the decedent's son, Kermin Liu. There is no evidence that the decedent knew Ling-Li Chen on November 19, 1993. Decedent's will was admitted to probate on March 12, 1998, without amendment.

At the behest of Glenn H. Silver, counsel for the estate, a hearing was held, after due notice, on June 16, 1999, at 10:00 a.m., at the office of Jesse B. Wilson, III, Commissioner of Accounts, to receive proof of debts and demands against the estate. The primary purpose of the hearing was to receive evidence regarding two claims against the decedent's estate filed by Ling-Li Chen requesting a claim for the share of an omitted spouse pursuant to § 64.1-69.1 of the Code of Virginia and a claim for a Family Allowance and Exempt Property pursuant to §§ 64.1-151.1 and 64.1-151.2, respectively, of the Code of Virginia.

With regard to the claim for the share of an omitted spouse, the evidence consisted of the probated will of the decedent and the stipulations of the parties that Ling-Li Chen was the named beneficiary of the decedent's

TIAA/CREF annuities under his retirement plan with a value of approximately $450,000.00 to $500,000.00 and that no premarital or marital agreement as set forth in § 64.1-69.1 of the Code of Virginia was ever executed. The parties also concurred that Ling-Li Chen is the proper widow of the decedent, that their marriage occurred after the execution of the decedent's will, and that she has not received any family allowance except for receiving a Mercedes Benz automobile having a value of $4,200.00 as a portion of her exempt property.

Mr. Boylan, counsel for Ling-Li Chen, argued that decedent's will speaks for itself and plainly shows that Mrs. Chen is omitted as a beneficiary. Accordingly, under the provisions of § 64.1-69.1 of the Code of Virginia, she must receive the same share of the estate as she would had the decedent left no will. By contrast, Mr. Silver, counsel for the estate, argued that because, subsequent to the marriage, the decedent had caused his wife to be named as the beneficiary of his retirement plan annuities and because paragraph "Second" of the decedent's will bequeaths his beneficial interest in various types of bank deposits and securities to the beneficiaries or co-owners of such deposits and securities, that the decedent's will does make provisions for his widow; thus, Mrs. Chen is not an omitted spouse within the meaning of § 64.1-69.1 of the Code of Virginia.

On July 12, 1999, the Commissioner filed his report finding that Ling-Li Chen was an omitted spouse within the meaning of § 64.1-69.1 of the Code of Virginia and is entitled to the share of the decedent's estate which she would have been entitled to had the decedent died intestate. Moreover, the Commissioner found that Mrs. Chen, as the decedent's widow, is entitled to the benefits provided by §§ 64.1-151.1 and 64.1-151.2 of the Code of Virginia, assuming the election to claim those allowances has been made as required by § 64.1-151.5 of the Code of Virginia.

While the report of a Commissioner does not carry the weight of a jury verdict, Va. Code § 8.01-610, the report should be sustained by the chancellor if the Commissioner's findings are supported by the evidence. *Chesapeake Builders, Inc. v. Lee,* 254 Va. 294, 299, 49 S.E.2d 141, 145 (1997). This rule applies with particular force to the report's factual findings which are based on the evidence heard by the Commissioner but does not apply to pure conclusions of law contained in the report. *Morris v. United Va. Bank,* 237 Va. 331, 337-38, 377 S.E.2d 611, 614 (1989); *Hill v. Hill,* 227 Va. 569, 576-77, 318 S.E.2d 292, 296-97 (1984).

In the instant case, the Commissioner's ruling that the decedent had no intent to make Ling-Li Chen a beneficiary under his will is a factual finding based solely on the evidence the Commissioner heard at the June 16, 1999, hearing.

In order for the co-executors to prove that the Commissioner of Accounts erred in determining that the wife of the decedent had been omitted from his will by reason that she was not omitted and came within the class of persons specified in paragraph "Second" of decedent's will, they must demonstrate by a preponderance of the evidence that the decedent, in amending his retirement annuity contracts and naming Mrs. Chen as the beneficiary, also created a codicil to his will. Here, the Commissioner found that the co-executors did not meet their burden of proof and that neither the facts nor legal authority support such a proposition.

Pursuant to *Chesapeake Builders, Inc. v. Lee*, 254 Va. 294, 49 S.E.2d 141 (1997), and *Hill v. Hill*, 227 Va. 569, 576-77, 318 S.E.2d 292, 296-97 (1984), this Court confirms the Commissioner's report that the evidence does not support counsel's assertion that the wife of the decedent had not been omitted from the decedent's will. Accordingly, Ling-Li Chen is entitled to a claim for the share of an omitted spouse pursuant to § 64.1-69.1 of the Code of Virginia and a claim for Family Allowance and Exempt Property pursuant to §§ 64.1-151.1 and 64.1-151.2 of the Code of Virginia.